# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERMAN DUENEZ, | ) | 1:07-cv-01724-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION |
| v. | ) | TO DISMISS PETITION (Doc. 10) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| NEIL H. ADLER, Warden, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | ORDER DENYING AS MOOT PETITIONER'S |
| | ) | MOTION TO EXPEDITE DECISION (Doc. 17) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was arrested on January 12, 2001 by the New York Police Department. (Doc. 11, Exh. D). From January 12, 2001, until December 20, 2001, Petitioner was in the continuous custody of New York state authorities. (Id.).[1] On December 20, 2001, Petitioner was sentenced on drug charges by the State of New York to a term of three to nine years in prison. (Id.). On March 8, 2002, United States Marshals "borrowed" Petitioner under a writ of habeas corpus ad

---

[1] The chronology of events is not in dispute. Petitioner has provided a chronology that is essentially consistent with the documents submitted by Respondent as part of the motion to dismiss. However, in several instances, the specific dates mentioned by Petitioner are at variance with those listed by Respondent. For example, Petitioner maintains that he was sentenced by the State of New York on December 26, 2001 (Doc. 1, p. 3), while Respondent contends that the date of sentencing was December 20, 2001 (Doc. 11, Exh. D). Ultimately, the legal question raised in the motion to dismiss does not hinge on these minor variances, but instead on the proper application of legal authority to determine precisely when Petitioner's federal sentence commenced and how much credit he has earned as a consequence.

1

prosequendum ("writ of prosecution") and transported him to the United States District Court for the Central District of California. (Id.). On August 18, 2003, Petitioner was convicted and sentenced in the Central District of California to three concurrent terms of 114 months, to run concurrently with each other and with the New York state sentence. (Id.). On September 5, 2003, Petitioner was returned to New York to continue serving his state sentence. (Id.). On February 26, 2004, Petitioner was returned to federal custody after being paroled on his New York state prison term. (Id.). He was transported to the Taft Correctional Institution ("TCI") in Taft, California, where he is currently incarcerated. (Id.).

Petitioner filed the instant federal petition for writ of habeas corpus on November 29, 2007, alleging that he has been improperly denied credit against his federal sentence. (Doc. 1). The Court ordered Respondent to file a response to the claims in the petition on January 22, 2008. (Doc. 6). Respondent filed the instant motion to dismiss on March 21, 2008. (Doc. 10). Petitioner's opposition to the motion, titled as a traverse, was filed on April 14, 2008. (Doc. 13). On April 14, 2008, Respondent file a reply to Petitioner's traverse (Doc. 14), and on May 1, 2008, Petitioner filed his reply to Respondent's reply. (Doc. 15). On October 31, 2008, Petitioner filed a motion for an expedited decision. (Doc. 17).

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward

1  federal custody); Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed at a
2  community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990) (arguing
3  Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in
4  state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report
5  used to deny parol).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C.
6  § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610
7  F.2d at 677.

8        In this case, Petitioner alleges that he is being unlawfully denied credit against his federal
9  sentence.  Petitioner is challenging the execution of his sentence rather than its imposition.  Thus,
10 his petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is incarcerated at
11 TCI in Taft, California, which is within the Eastern District of California, Fresno Division, this
12 Court has jurisdiction to proceed.

13       A.   Procedural Grounds for Motion to Dismiss
14       Respondent has filed the instant motion to dismiss the petition as containing unexhausted
15 claims and also as lacking merit.  Rule 4 of the Rules Governing Section 2254 Cases allows a
16 district court to dismiss a petition if it "plainly appears from the face of the petition and any
17 attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the
18 Rules Governing Section 2254 Cases.
19       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
20 if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
21 the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
22 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
23 v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review
24 motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
25 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
26 response, and the court should use Rule 4 standards to review the motion.
27 ///
28 ///

In this case, Respondent's motion to dismiss is based on a two-fold argument: (1) lack of exhaustion of administrative remedies, and (2) failure to state a claim for relief under 28 U.S.C. § 2241. Insofar as Respondent claims a lack of exhaustion, Respondent's motion to dismiss is similar in procedural standing to the type of motion to dismiss approved by the Ninth Circuit. However, to the extent that the motion contends that dismissal is appropriate because Petitioner fails to state a claim for relief, Respondent, in essence, seeks a dispositive ruling on the merits of the petition's claims, and thus is more in the nature of an answer to the petition than a traditional motion to dismiss. It appears that Petitioner appreciated this fact when he styled his response to the motion to dismiss as a "traverse." (Doc. 13). In that traverse, Petitioner addresses the merits of his petition. Subsequently, both parties filed additional responses, all on the merits of the petition's claims.

Although this procedural posture for a motion to dismiss is somewhat unconventional, because both parties have had ample opportunity to fully brief what is, ultimately, a question of law applied to undisputed facts, the Court will address the exhaustion issue as a motion for dismissal, and will address Respondent's argument of failure to state a claim for relief as raising the merits of Petitioner's claim.

B. Exhaustion

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.3d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If a Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. However, exhaustion of

administrative remedies would be futile and should be excused if an agency lacks authority to grant the requested relief or has predetermined the issue before it. See <u>Fraley v. United States Bureau of Prisons</u>, 1 F. 3d 924, 925 (9th Cir. 1993).

Here, Petitioner indicated in his petition that he has not pursued any administrative review of his claims. (Doc. 1, pp. 2-8). Respondent contends that the petition must therefore be dismissed for lack of exhaustion. (Doc. 10, p. 3). Petitioner counters that exhaustion is not required in a federal habeas petition. (Doc. 13, p. 2). Respondent answers that while the Court may waive exhaustion if the requirement would prove futile, Petitioner has not made such a showing. (Doc. Doc. 14, p. 2). Petitioner concludes by responding that, because Respondent TCI was making the very credit calculations which Petitioner is challenging in the petition, any attempt at exhaustion would be futile. (Doc. 15, p. 2).

Under the circumstances, the Court agrees with Petitioner that exhaustion of administrative remedies in this case would be futile. The decision to award credits based on time served on various state and federal sentences is a determination specified by statute, case law, and sentencing guidelines. Respondent has no discretion to award more or less credits than the law requires. Since Respondent has taken a legal position regarding how many credits Petitioner has earned under federal law, and since the petition claims not a mathematical error but a legal error in making that determination, further administrative exhaustion would serve no useful purpose. Accordingly, the Court recommends denying Respondent's motion to dismiss based on lack of exhaustion of administrative remedies.

Assuming, then, for sake of discussion, that lack of exhaustion has been excused, the Court will now address the merits of Petitioner's claims.

C. <u>Calculation of Credits</u>

Petitioner alleges that he has been denied credit against his federal sentence for time spent in custody from December 20, 2001, the date Petitioner was sentenced on his state conviction in New York, to August 18, 2003, the date Petitioner was sentenced on his federal convictions. (Doc. 1, pp. 3a-3d). This contention is without merit.

///

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-335, 112 S. Ct. 1351(1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass. 2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), affirmed, 100 F.3d 946 (3d Cir. 1996).

1. Petitioner's Federal Sentence Commenced On August 18, 2003

A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991). Here, Petitioner was sentenced by the Central District of California on August 18, 2003 to serve a 114 month sentence, subsequently reduced to 108 months. Prior to this date, Petitioner was serving his state sentence. There is no dispute that Petitioner is entitled to credit against his federal sentence after August 18, 2003, and there is, likewise, no contention raised herein that he has not fully been given such credit. Petitioner, however, contends that his federal sentence commenced on the date of his sentencing in state court, i.e., December 20, 2001, not when he was convicted by the Central District on August 18, 2003, and that, to be consistent with the concept of a "concurrent" sentence, he is entitled to credit for this period of approximately twenty months against his federal sentence. Petitioner is mistaken.

Thomas v. Brewer is dispositive of the date Petitioner's federal sentence commenced. In Thomas, the petitioner was arrested on state charges on May 10, 1964. While in state custody, he was charged in federal court with armed bank robbery. On three occasions--June 15, 1964, June 23, 1964, and August 4, 1964–the petitioner was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges. On the latter date, August 4, 1964, the

///

6

1  petitioner was sentenced to the "maximum period prescribed by law." <u>Thomas</u>, 923 F.2d at
2  1363.
3     After his sentencing in federal court, the petitioner was returned to state authorities in
4  Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two
5  concurrent terms. <u>Thomas</u>, 923 F. 3d at 1363. On February 11, 1965, the petitioner was
6  sentenced in state court to a term of life on yet another charge. <u>Id.</u> at 1364. Thomas began
7  serving his state term in California State Institution, Chino, on February 23, 1965. <u>Id.</u> On
8  November 23, 1966, pursuant to a recommendation of the state court, the petitioner was turned
9  over to the United States Marshal to enable concurrent service of his federal and state terms. At
10 an unknown date in December 1966, the petitioner was delivered to the Federal Correctional
11 Institute, Lompoc, California. <u>Id.</u>
12    Thomas contended in a federal habeas petition that he should be given credit for time in
13 custody between August 4, 1964 and November 23, 1966. <u>Id.</u> The federal district court
14 disagreed and denied Thomas' petition. The Ninth Circuit affirmed, rejecting Thomas'
15 contention that he was in federal custody at the time of his initial federal sentencing on August 4,
16 1964, and that his federal sentence should therefore run from that date. In so doing, the Ninth
17 Circuit upheld the district court's determination that Thomas' sentence commenced to run on
18 November 23, 1966, the date he was originally released from state prison and turned over to the
19 custody of U.S. marshals for concurrent service. <u>Thomas</u>, 923 F. 3d at 1368-1369 ("Thomas's
20 sentence could not have begun to run until he was received at an institution either to serve his
21 sentence, or to be transported to another institution where his sentence was to be served.").
22    Applying <u>Thomas</u>, and contrary to Petitioner's assertions, he was not "received into
23 custody...to commence service of sentence at the official detention facility at which the sentence
24 is to be served" on December 20, 2001; rather, on that date he was sentenced for his state
25 conviction. On the other hand, Petitioner was "received into custody" for such service of his
26 federal sentence on August 18, 2003, when the Central District of California imposed its
27 sentence. <u>Thomas</u>, 923 F.2d at 1368-1369; <u>see</u> <u>United States v. Segal</u>, 549 F.2d 1293, 1301 (9th
28 Cir. 1977)("a federal term cannot begin until a prisoner has been received by federal

7

authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary").

Accordingly, August 18, 2003 was the date when Petitioner's federal sentence "commenced."

### 2. No Entitlement To Credit For Federal Custody Time Pursuant To A Writ of Habeas Corpus Ad Prosequendum

Insofar as Petitioner impliedly alleges that his federal sentence commenced when he was first produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum on March 8, 2002, he is mistaken. The production of a defendant in state custody to a federal court pursuant to a writ of habeas corpus ad prosequendum does not constitute the commencement of a sentence under federal law. Taylor v. Reno, 164 F.3d 440, 444-445 (9th Cir. 1998); Thomas, 923 F.2d at 1366-1367. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner upon satisfaction of the state term. Taylor, 164 F.2d at 445; Thomas, 923 F.2d at 1366-1367. As the Ninth Circuit has held:

> When an accused [in state custody] is transferred [to federal custody] pursuant to a writ of habeas corpus prosequendeum he is considered to be "on loan" to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.

Thomas, 923 F.3d at 1367(quoting Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978)).

Thus, in this case, the State of New York had primary jurisdiction over Petitioner until February 26, 2004, the date Petitioner completed his state prison term and was returned to federal custody to serve the remainder of his federal term. (Doc. 11, Exh. D, p. 2). At that point, primary jurisdiction belonged to the federal government. Thus, Petitioner is not entitled to credit against his federal sentence for the time between March 8, 2002, the original date Petitioner was "borrowed" by federal authorities, and August 18, 2003, the date of his federal conviction,

///

simply because he was in custody pursuant to a writ of habeas corpus ad prosequendum. 18 U.S.C. § 3585(a).

### 3. No Entitlement To Credit For Time Served On State Sentence

Nor is Petitioner entitled to credit against his federal sentence for time served on his state sentence. Petitioner erroneously contends that § 5G1.3 of the Sentencing Guidelines requires that such credit be given.

As mentioned, the Central District of California sentenced Petitioner as follows:

> One Hundred Fourteen (114) months on each count, to run concurrently with each other and with the sentence imposed in New York County Supreme Court, case number 8108-00; shall serve a supervised release period of five (5) years on Count One and Four (4) years on Count Two, to run concurrently; and, shall pay a special assessment in the sum of $200 to the United States of America.

(Doc. 11, Exh. B).

Petitioner argues that USSG § 5G1.3(c) required the Central District of California to credit him with the approximately twenty months already served on his undischarged New York state sentence. It did not. Subsection (c) is a policy statement providing that, in any case where the court is not required to impose a concurrent or consecutive sentence, the sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c).

As mentioned, in general, federal courts do not have authority to calculate credits; that authority lies with the Attorney General. Wilson, 503 U.S. at 333-336. In 18 U.S.C. § 3585(b), Congress gave the Attorney General, who acts through the Bureau of Prisons in these matters, the authority to calculate credits. Wilson, 503 U.S. at 337. [When the Sentencing Guidelines *require* that sentences run concurrently, the district court can adjust the second sentence to ensure that it is fully concurrent with the first one. See United States v. Drake, 49 F.3d 1438, 1440-1441 (9th Cir. 1995).[2] However, the Central District of California expressed no such desire in

---

[2] Petitioner cites Drake as authority for his claim of a denial of credits. (Doc. 1, p. 3d). However, Drake involved an application of USSG § 5G1.3(b). Drake, 49 F.3d at 1439. In August 2003, Section 5G1.3(b) provided that where a federal sentence is imposed on a defendant subject to an undischarged term of imprisonment, "[i]f...the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the

9

this case, as evidenced by its sentence, quoted in full above, which contains no reference to such an adjustment. Since nothing appearing in the present record *compelled* the sentencing court to make the sentences fully concurrent, and since the sentencing court evidenced no intent to make such an adjustment on its own volition, there is no legal basis for Petitioner's contention that he is entitled to additional credit for the time between the commencement of his New York state sentence and the time he was convicted in the Central District of California.

For all of the reasons set forth above, the Court finds Petitioner is not entitled to habeas corpus relief.

## ORDER

In light of the findings and recommendations herein, the Court HEREBY ORDERS that Petitioner's motion to expedite a decision (Doc. 17), is DENIED as MOOT.

## RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that:

1.   Respondent's motion to dismiss (Doc. 10), be DENIED as to lack of exhaustion;

2.   The motion to dismiss (Doc. 10), be GRANTED as to the merits of the petition; and

3.   The petition for writ of habeas corpus (Doc. 1), be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

---

determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." As discussed herein, the record does not establish that the federal sentence resulted from offenses fully taken into account in the determination of the offense level of the instant offense. Instead, it appears that the district court had the option to make the sentences fully concurrent, rather than partially concurrent, but chose not to do so. Accordingly, Drake is not authority for Petitioner's claim.

objections.  **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.**  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2009**                               /s/ Theresa A. Goldner
                                                    UNITED STATES MAGISTRATE JUDGE